IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JAMES ANDREW CARTER, | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:25-cv-00015-TES-AGH |
| LT. JOHNATHAN DURRETT, *et al.*, | : | |
| Defendants. | : | |

## ORDER OF DISMISSAL

Plaintiff James Andrew Carter filed a complaint under 42 U.S.C. § 1983 while he was a detainee in the Hart County Jail in Hartwell, Georgia. ECF No. 1. Plaintiff did not pay the filing fee or move for leave to proceed *in forma pauperis* ("IFP") when he filed his complaint. Accordingly, the United States Magistrate Judge ordered Plaintiff to either pay the $405.00 filing fee or submit a properly completed motion to proceed IFP. ECF No. 5. On February 21, 2025, Plaintiff filed a notice of change of address, indicating that he had been transferred to the Stephens County Jail in Toccoa, Georgia.[1] ECF No. 6. On March 26, 2025, Plaintiff filed his motion to proceed IFP. ECF No. 7.

Plaintiff's motion to proceed IFP was incomplete. *See id.* Accordingly, the

---

[1] Under the prison mailbox rule, "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Generally, a court may assume, "[a]bsent evidence to the contrary, . . . that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

Magistrate Judge ordered Plaintiff to submit a complete motion to proceed IFP, including a certified copy of his trust fund account statement. ECF No. 8 at 1–2. Alternatively, the Magistrate Judge ordered Plaintiff to submit written notice to the Court regarding the efforts he had made to obtain his account statement if he was unable to get a copy of that document. *Id.* at 2. Per the notice of change of address, the clerk mailed that order to Plaintiff at the Stephens County Jail.

More than fourteen days passed after the Magistrate Judge entered the order for Plaintiff to file a complete motion to proceed IFP. In that time, Plaintiff did not submit a new IFP motion or otherwise respond to the Court's order. Accordingly, the Magistrate Judge ordered Plaintiff to show cause why this Court should not dismiss this case based on Plaintiff's failure to file a new IFP motion. ECF No. 9. The Magistrate Judge gave Plaintiff fourteen days to respond and cautioned Plaintiff that his failure to respond would likely result in the Court dismissing this case. *Id.* The clerk also mailed that order to Plaintiff at the Stephens County Jail.

More than fourteen days passed after the Magistrate Judge entered the show cause order, during which Plaintiff did respond to the order. In that time, the United States Postal Service returned the order to file a new IFP motion (ECF No. 8) to this Court as undeliverable. ECF No. 10. The Postal Service did not return the show cause order to this Court.

It is Plaintiff's responsibility to keep this Court informed as to his current address, and his failure to do so constitutes a failure to prosecute this case. Moreover, if this Court does not have information about Plaintiff's current whereabouts, this case cannot proceed. Nevertheless, the Magistrate Judge noted that the envelope for the motion to proceed IFP, which Plaintiff signed and dated one month after the notice of change of address, bore a return address indicating that Plaintiff mailed it from the Hart County Jail. ECF No. 11. Therefore, it appeared possible that Plaintiff may have been transferred back to that facility.

Out of an abundance of caution, the Magistrate Judge directed the clerk to forward Plaintiff copies of the orders to submit a proper IFP statement and to show cause (ECF Nos. 8 & 9) at both the Hart County Jail and the Stephens County Jail.[2] *Id*. The Magistrate Judge gave Plaintiff fourteen days to comply and cautioned Plaintiff that his failure to fully and timely comply with this order would likely result in the dismissal of this case. *Id.*

More than fourteen days have now passed since the Magistrate Judge entered that order. In that time, the United States Postal Service has returned as undeliverable orders the Court sent to Plaintiff at the Stephens County Jail. *See* ECF Nos. 12-14. The Postal

---

[2] The clerk also located an alternative address for the Stephens County Jail and mailed the documents to both addresses.

3

Service has not returned the orders sent to Plaintiff at Hart County Jail. Moreover, Plaintiff has not complied with the Court's orders or otherwise communicated with the Court. Thus, because Plaintiff has failed to comply with the Court's orders or otherwise prosecute his case, the Court now **DISMISSES** the complaint **WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").[3]

**SO ORDERED**, this 8th day of October, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**

---

[3] Although the Postal Services has returned the orders sent to Plaintiff at the Stephens County Jail but not those sent to him at the Hart County Jail, out of an abundance of caution, the clerk is **DIRECTED** to mail Plaintiff's service copy of this order to him at both the Stephens County Jail and the Hart County Jail.

4